# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:04cv299

| | |
|---|---|
| DUKE ENERGY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ASSURANCES GENERALES DE ) | |
| FRANCE; BELGIGUE IND/THILLY; ) | |
| BISHOPSGATE INSURANCE CO. ) | |
| LTD.; CJV ASSOCIATES; ) | |
| CONTINENT, LE (PARIS); L'ETOILE ) | |
| RE BELGIUM; F.R.A. FACULTATIVE ) | |
| POOL; GROUPE JOSI COMPAGNIE ) | |
| CENTRALE; INSTITUTO NACIONALE ) | |
| DE SEGUROS; INSURANCE ) | |
| CORPORATION OF SINGAPORE ) | |
| LTD.; IRB BRASIL; MUTUAL FIRE ) | |
| MARINE AND INLAND INSURANCE ) | |
| CO.; NEW INDIA ASSURANCE ) | |
| COMPANY LTD.; PLAR AGRICOLA; ) | |
| REINSURANCE COMPANY OF ) | |
| PANAMA; SEGUROS LA ) | |
| REPUBLICA; UNIONE ASSURANCES ) | |
| DE PARIS; YASUDA FIRE & MARINE, ) | |
| U.K.; and YASUDA, U.K., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** came before the Court by transfer on September 26, 2007.

The plaintiff Duke Energy Corporation ("Duke Energy") filed this declaratory judgment action on June 22, 2004, seeking to have the Court construe the meaning and enforce the provisions of the insurance policies sold to Duke Energy by 38 defendants. Of the defendants named in the original complaint, only one defendant, Tenecom Ltd. (formerly known as Yasuda Fire & Marine Insurance Company (UK) Ltd. and sued herein as Yasuda Fire & Marine, U.K.) filed an answer.

On December 29, 2005, the plaintiff filed a motion seeking leave to file an amended complaint. In its motion to amend, the plaintiff stated that it had been actively involved in settlement negotiations and had reached settlement agreements with many of the defendants named in the complaint. The plaintiff further stated that it had re-evaluated its claims against its insurance carriers, and that this evaluation had revealed additional insurance companies which allegedly owed coverage to the plaintiff. Accordingly, the plaintiff moved to add several newly identified parties to the case. The plaintiff indicated in its motion that it would seek to dismiss those defendants named in the original complaint with whom the

2

plaintiff had reached settlement agreements.  The Court granted the plaintiff's motion to amend on January 30, 2006.  Along with this motion to amend, the plaintiff filed a notice of voluntary dismissal, dismissing with prejudice its claims against 28 of the original defendants.

## I. Belgique and CJY Associates

It appears to the Court that two of the defendants named in the original complaint – Belgique and CJY Associates – were not dismissed by the plaintiff's notice of voluntary dismissal, nor are they named as defendants in the plaintiff's amended complaint.[1]  Accordingly, **IT IS HEREBY ORDERED** that the plaintiff shall show cause within ten (10) days of the entry of this Order why the defendants identified as "Belgique" and "CJY Associates" in the original complaint should not be dismissed without prejudice from this case.

## II. Yasuda, U.K.

There is no evidence in the record that service was effected on the defendant Yasuda, U.K.  Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

---

[1] While there are two similarly-named defendants identified in the amended complaint – "Belgigue Ind/Thilly" and "CJV Associates," it is unclear from the current state of the record whether these are, in fact, the same defendants identified in the original complaint as "Belgique" and "CJY Assocaties."

3

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, ... on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant ... provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The plaintiff is hereby placed on notice that unless good cause is shown to the Court for its failure to effect service of the summons and complaint on the defendant Yasuda, U.K. within ten days from service of this Order, the plaintiff's action against this defendant shall be dismissed without prejudice without further order.

**IT IS, THEREFORE, ORDERED** that the plaintiff shall show good cause within ten days of service of this Order for the failure to effect service on the defendant Yasuda, U.K. within 120 days from the filing of the amended complaint; and

**IT IS FURTHER ORDERED** that failure of the plaintiff to respond in writing within ten days shall result in a dismissal without prejudice of this action without further order of the Court.

### III. The Remaining Defendants

The certificate of service of the amended complaint reflects that the amended complaint was served on counsel for Yasuda Fire & Marine, U.K.

on February 10, 2006.  Affidavits of Service filed on April 20, 2006 and June 8, 2006 reflect that service was effected on all of the other defendants named in the amended complaint (with the exception of Yasuda, U.K., which is addressed above).  To date, however, only one defendant – New India Assurance Company – has filed an answer to the amended complaint.  None of the other defendants have filed an answer or otherwise responded to the plaintiff's amended complaint.

On February 22, 2007, the plaintiff filed a motion for the entry of default against the defendants CJV Associates, Reinsurance Company of Panama, and Plar Agricola.  The Clerk of Court made an entry of default against these defendants on February 23, 2007.  However, the plaintiff has not filed a motion for default judgment with respect to any of these defendants.  In fact, to date, the plaintiff has taken no other action in the prosecution of this case with respect to any of the defendants named in the amended complaint.  Accordingly,

**IT IS, THEREFORE, ORDERED** that the plaintiff shall show cause within ten (10) days of the entry of this Order why this action should not be dismissed for failure to prosecute.

## IV. Conclusion

**IT IS, THEREFORE, ORDERED** as follows:

(1) The plaintiff shall show cause within ten (10) days of the entry of this Order why the defendants identified as "Belgique" and "CJY Associates" in the original complaint should not be dismissed without prejudice from this case;

(2) The plaintiff shall show good cause within ten days of service of this Order for the failure to effect service on the defendant Yasuda, U.K. within 120 days from the filing of the amended complaint. Failure of the plaintiff to respond in writing within ten days shall result in a dismissal without prejudice of this action without further order of the Court; and

(3) The plaintiff shall show cause within ten (10) days of the entry of this Order why this entire action should not be dismissed for failure to prosecute.

**IT IS SO ORDERED**.

Signed: October 5, 2007

Martin Reidinger
United States District Judge